Oakley J.
The plaintiffs are an incorporated Company in the State of New-Jersey. On the 21st of September, 1826, the defendant signed a subscription for stock in the said Company, which subscription was upon condition, as expressed on its face, that three thousand shares of the stock, then held by the Company,' should be bona fide subscribed for, within ninety days from its date; which fact should be certified, by at least two Directors, and the Cashier of the Company.
*247 On the 14th clay of November, 1826, the President and Cashier, with two Directors of the Company, signed a certificate, setting forth, that three thousand shares of stock, held by the Company, at the date of the subscription, had been bona fide subscribed for. The defendant paid the first instalment on the stock, which, according to the terms of the subscription, fell due in three days after the giving of the certificate, but refusing to pay the instalments, subsequently falling due, this action was brought.
On the trial, the defendant offered to prove that the three thousand shares of stock, mentioned in the subscription had never been subscribed for, as stated in the certificate, and that the persons who subscribed the said certificate, did so, knowing it to be untrue. This evidence was rejected by the Judge, and the jury, under his direction, found a verdict for the plaintiffs.
It is contended by the defendant, that the certificate in question, is not conclusive evidence of the fact of the bona fide subscription of the three thousand shares of stock, according to the true construction of the agreement signed by him. It appears to me, that the position assumed by him is the true one. The provision, that the fact of the subscription of three thousand shares should be certified by two Directors of the Company, was, I apprehend, inserted in the agreement for the benefit of the subscribers, that they might have some definite information of the fulfilment of the condition, on which they were to become liable. The subscribers might refuse to pay until the certificate was given; but I think it would be a violent construction of the instrument, to hold that they were bound to pay, in that event, though the certificate might be shown to be false.
If, however, this general position should be doubted, and the certificate is to be considered as conclusive evidence of the fact stated in it, yet I think it cannot be questioned, that the defendant should have been suffered to show that it was falsely and fraudulently made. A fraudulent certificate was a mere nullity. If the defendant is to be considered as stipulating that the act of the plaintiffs, or their agents, should be conclusive on him, he had certainly a right to require that it should be done in good faith. *248 The plaintiffs cannot be permitted to acquire any rights by their own fraudulent conduct.
it was contended on the argument, that the defendant, having paid the first instalment due, and accepted his certificate of stock from the Company, is now too late to object, that the condition of his subscription was not performed. I do not think so. If he made the first payment, relying that the entire subscription had been completed, according to the terms of the agreement, I see no good reason why he may not now inquire into the truth of that fact; and especially why he may not aver and prove, if he has the power to do so, that the plaintiffs had been guilty of a fraud.

New trial granted.

[J. A. Johnson, Atty. for the plffs. D. D. Field, Atty. for the deft.]